UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN ALLEN HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:23-cv-1065-PLC |
| DWAYNE GOODALL, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Dustin Allen Hayes for leave to commence this civil action without prepayment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss the claims brought against the City of Bland, Missouri, and Chief Dwayne Goodall in his official capacity. The Court will, however, direct the Clerk of Court to issue process on Chief Goodall in his individual capacity.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50 and an average monthly balance of $0.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against the City of Bland, Missouri, and Chief Goodall in his official and individual capacities. Doc. [1].

Plaintiff states that on July 11, 2022, he was arrested by Deputy Karl Glascock, who is not a defendant in this action. Deputy Glascock transported plaintiff to the Bland City Police Department. Inside the police station, plaintiff alleges Deputy Glascock assaulted him during custodial interrogation. Plaintiff describes Deputy Glascock grabbing him, attempting to drag him to the ground, and punching him with a closed fist, all while plaintiff was secured with handcuffs. Plaintiff claims defendant Chief Goodall "simply stood by as [he] was punched, kicked and kneed as well as drug forc[i]bly ac[]ross the sidewalk outside the police station." Plaintiff claims defendant Chief Goodall was not properly certified or trained.

For relief, plaintiff seeks $800,000 in compensatory and punitive damages. Plaintiff also appears to request a Jeep Cherokee and for the City of Blank to pay the utilities for his home for the remainder of his life.

The Court notes that a civil rights action has already been instituted against Deputy Glascock by plaintiff. On January 3, 2023, plaintiff filed a complaint against the Gasconade

County Sheriff's Office, Gasconade County, and Deputy Glascock. In that action, plaintiff asserted an excessive force claim against Deputy Glascock from the above-described July 2022 incident. *See Hayes v. Glascock, et al.*, Case No. 4:23-cv-00006-SRC (E.D. Mo. Jan. 2023). That action was subsequently consolidated, upon plaintiff's motion, with a second case brought by plaintiff against Deputy Glascock for an excessive force claim that arose from a separate March 2022 incident. *See Hayes v. Glascock, et al.*, Case No. 4:23-cv-00007-SRC (E.D. Mo. Jan. 2023). The consolidated case remains pending.

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging a failure to intervene. For the reasons discussed below, the Court will dismiss the claims brought against the City of Bland, Missouri, and Chief Goodall in his official capacity. The Court will, however, direct the Clerk of Court to issue process on Chief Goodall in his individual capacity.

**A. Defendant City of Bland, Missouri**

In *Monell v. Department of Social Services*, the Supreme Court held that a municipality or local governing body can be directly liable under § 1983 for monetary, declaratory, or injunctive relief. 436 U.S. 658, 690-91 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability. A municipality cannot be held liable, however, merely because it employs a tortfeasor.

*A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory").

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff presents no facts to support the proposition that the City of Bland, Missouri has an unconstitutional policy or custom that caused plaintiff's constitutional rights to be violated, or that the municipality engaged in a deliberately indifferent failure to train or supervise. Plaintiff has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by City of Bland employees, much less that such misconduct was tacitly authorized by officials of the City of Bland. *See Johnson*, 725 F.3d at 828. Instead, plaintiff's facts concern a single incident in which defendant Chief Goodall did not intervene when witnessing the use of excessive force. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Thus, plaintiff has failed to state a municipal liability claim against the City of Bland, and his claim against the municipality will be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Official Capacity Claim against Defendant Goodall**

As to plaintiff's allegation brought against defendant Chief Goodall in his official capacity, this claim will also be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

As discussed above, plaintiff has not established the City of Bland's liability for the alleged conduct, and thus his claims against defendant Chief Goodall brought in his official capacity must be dismissed.

**C. Individual Capacity Claim against Defendant Chief Goodall**

Plaintiff has also sued defendant Chief Goodall in his individual capacity, alleging he failed to stop a deputy from using excessive force. Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional use of force by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009). "To establish a failure to intervene claim, . . . the plaintiff must show that the officer observed or had reason to know that excessive force would be or was being used." *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration); and *White*, 865 F.3d at 1081 (stating that in Fourth Amendment excessive force context, a police officer

may be liable for failing to intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration").

In this case, plaintiff alleges that while he was handcuffed and restrained, non-defendant Deputy Glascock punched him with a closed fist, kicked, kneed, and drug him across the sidewalk. While this occurred, plaintiff asserts that defendant Chief Goodall was in the same area and witnessed Deputy Glascock's actions, and that Chief Goodall did not say or do anything to stop Deputy Glasscock, even though he was in a position to do so. The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dept.*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on Chief Goodall in his individual capacity as to plaintiff's claim of failure to intervene.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Chief Dwayne Goodall in his individual capacity.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant City of Bland, Missouri, or defendant Chief Dwayne Goodall in his official capacity because the complaint fails to state a claim upon which relief can be granted.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of September, 2023.

                                                MATTHEW T. SCHELP
                                                UNITED STATES DISTRICT JUDGE