UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN ALLEN HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1065 RLW |
| ) | |
| DWAYNE GOODALL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Dustin Allen Hayes's motion to appoint counsel. ECF No. 13. For the following reasons, the motion will be denied at this time.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In his motion, plaintiff states he "lacks the ability to search for Defendant, Dwayne Goodall, in order to serve official summons therefore Defendant remains unserved and unaware of this suit." and plaintiff "lacks the ability to investigate complex and relevant factors such as Defendant[']s

whereabouts in order to serve summons." ECF No. 13 at 1-2. Before plaintiff's motion to appoint counsel was filed, summons for defendant Dwayne Goodall was returned unexecuted on November 7, 2023, with the notation: "incorrect address/unable to locate."[1] ECF No. 11. On November 13, 2023, the Court directed plaintiff to provide an address where service can be effectuated upon Defendant Goodall.

In cases where a self-represented litigant is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d).  This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (citing *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989)). As such, a litigant proceeding *in forma pauperis* is entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). However, it is a plaintiff's responsibility to provide the information necessary for service on the defendant(s). *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *see also Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

The Court finds it is not necessary to appoint counsel for the purpose of assisting plaintiff in performing the research needed to respond to the Court's November 13, 2023 Order. Incarcerated plaintiffs bringing civil rights actions under 42 U.S.C. § 1983 are consistently and uniformly tasked with providing service addresses for defendants without the assistance of counsel. Additionally, after reviewing the remaining relevant factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present

---

[1] Plaintiff identifies defendant Dwayne Goodall as the Chief of Police of the City of Bland. *See* ECF No. 1 at 2. The Court notes, however, that the Missouri Attorney General's website lists "Dwayne Goodridge" as the "Department Head" of the Bland Police Department. *See Andrew Bailey Missouri Attorney General Missouri Police and Sheriffs Contacts*, https://ago.mo.gov/get-help/police-and-sheriffs-contacts/ (last visited Nov. 30, 2023).

2

his claims to the Court. Neither the factual nor the legal issues in this case appear to be complex. The Court will consider any future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 13] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that by **December 21, 2023**, plaintiff shall provide the Court with an address, in writing, at which service can be effectuated on defendant Dwayne Goodall. Plaintiff should ensure that the defendant's last name is correct. Plaintiff's failure to comply timely and fully with this Order will result in the dismissal of this action without prejudice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of November, 2023.